CHARLES F. OXFORD *vs.* SAMUEL H. LEATHE.

Middlesex.    January 10, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Personal Injuries — Liability of Owner of Building for Defects during temporary Occupancy — Trial.*

The owner of a building, who, by a written agreement, has "leased" it to another for four nights to be used for the purpose of giving entertainments therein, and who is to have control of all money in the box office until a certain sum has been paid each night, and who also is to light the building, is liable for injuries occasioned to a person by the falling of a platform in front of the entrance, and reached by a flight of stairs, upon which he was standing with others while waiting for the doors to open before the entertainment, when the occupant was holding over on the same terms by an oral understanding after the expiration of the written agreement.

TORT, for personal injuries occasioned to the plaintiff by the falling of a platform on premises owned by the defendant in Woburn. At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. W. Johnson & H. M. Rice,* for the defendant, submitted the case on a brief.

*J. D. Long,* (*T. Savage* with him,) for the plaintiff.

HOLMES, J. This is an action against the owner of a building, for personal injuries caused by the giving way of a platform upon which the plaintiff was standing. Some days before the accident the defendant had made a written agreement that he had "leased the Woburn Rink and seats now therein for four nights, August 2d, 3d, 4th, & 5th, 1893, building to be lighted," to one Gleason, all money in the box office to be under the defendant's control until twenty dollars was paid each night. Gleason's understood purpose was to give exhibitions of horse training. On the evening of August 9, Gleason was holding over on the foregoing terms by an oral understanding. An entertainment was to take place, the plaintiff with others had ascended a flight of stairs to the above mentioned platform, and was waiting upon it, in front of the entrance, for the doors to open, when it fell.

It is not necessary to consider whether the agreement was a lease or a license, although we regard it as a license. *Johnson* v. *Wilkinson*, 139 Mass. 3. *Taylor* v. *Caldwell*, 3 B. & S. 826, 832. Whatever it was, the defendant must be taken, or at least might have been found, to have contemplated the use of the stairs and platform, as they were, by the public for the purpose of going to the show. If the jury found that the use actually made of the platform was something which the defendant was bound to have contemplated, he was liable for any neglect of proper precautions to make it safe, whether Gleason also was to blame or not, just as in the case of premises let with a nuisance upon them. *Daley* v. *Savage*, 145 Mass. 38, 41. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, 49. *Finnegan* v. *Fall River Gas Works*, 159 Mass. 311. *Edwards* v. *New York & Harlem Railroad*, 98 N. Y. 245, 249, 253. *Carson* v. *Godley*, 26 Penn. St. 111. *Joyce* v. *Martin*, 15 R. I. 558, 562. *Albert* v. *State*, 66 Md. 325, 338. *Foulkes* v. *Metropolitan District Railway*, 5 C. P. D. 157, 159; *S. C.* 4 C. P. D. 267. We do not intend at all to enlarge the liability of landlords in cases where heretofore it has been decided that only the occupants of the land were responsible. We mean by contemplated more than foreseen. A landlord may regard many things as likely to happen for which he will not have to answer, but this case goes much beyond that point. The object of the contract with Gleason was that the public should be invited, since it was from the public that the defendant was to get his pay. At the same time, the short and interrupted character of the occupation allowed to Gleason made it obvious that the safety of the building must be left mainly to the defendant.

There was evidence that the support of the platform was manifestly defective, and, beside what the jury may have found from the description, there was express testimony that it was not properly constructed. See *Lincoln* v. *Commonwealth*, 164 Mass. 368, 379. Such a case could not be taken from the jury.

*Exceptions overruled.*