PATRICK BARRETT, as Administrator of the Estate of THOMAS BARRETT, Deceased, Appellant, v. THE LAKE ONTARIO BEACH IMPROVEMENT COMPANY, Respondent.

1. NEGLIGENCE — WHEN LESSOR OF STRUCTURE DESIGNED FOR PUBLIC USE IS LIABLE FOR AN INJURY RESULTING FROM FAULTY CONSTRUCTION. The lessor of a structure rented for public use, which is either structurally defective or which does not afford what in the judgment of reasonable men would be a proper and adequate protection to persons using it, is guilty of negligence and responsible for an injury resulting to any one by reason of its faulty construction.

2. WHEN QUESTIONS OF FAULTY CONSTRUCTION AND CONTRIBUTORY NEGLIGENCE ARE QUESTIONS OF FACT. Where it appears from the evidence in an action to recover damages for the death of a boy, alleged to have been caused by the negligent construction of a public toboggan slide, who fell from its platform to the ground below, through the middle space of a railing twenty-one inches above the platform, inclosing three sides of it, and was killed, that a fall from the platform was a possible occurrence to the majority, if not to all of the persons who used the toboggan slide, the question whether the platform structure had been constructed with that due care which in the judgment of prudent men, in view of the purpose, should have been exercised by the defendant, is one of fact to be determined by the jury; and where the circumstances under which the deceased was seen to fall furnish no inference that he was careless, the question of his contributory negligence is also properly left to the jury.

*Barrett* v. *Lake Ontario Beach Improvement Co.*, 68 App. Div. 601, reversed.

(Argued March 24, 1903; decided April 7, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 6, 1902, which reversed an order of a Trial Term denying a motion to set aside a verdict in favor of plaintiff and for a new trial and granted a new trial.

The action was brought against the defendant to recover damages for the death of the plaintiff's intestate; which is alleged to have been caused by the negligent construction of a toboggan slide. The plaintiff recovered a verdict; but, upon appeal to the Appellate Division, in the fourth depart-

ment, the judgment entered upon the verdict was reversed and a new trial was ordered, " upon questions of law only; the facts having been examined and no error found therein."

These are the facts of the case, so far as they are necessary to be stated. The defendant is the owner of lands upon the beach of Lake Ontario, at Charlotte, in this state. Among the properties, comprehended within its ownership, was a bathing establishment, to which was appurtenant, or incidental, a toboggan slide. The latter had been constructed, as it existed at the time of the trial, in 1896. It consisted of a trough-like structure, extending from a platform, erected some twenty-five feet above the ground, into the waters of the lake. The platform was eleven feet and two inches square, made of planks and supported with a framework of sills, posts and crossbraces. About the platform, and designed to protect it upon three of its sides, was a railing four feet in height; consisting of an upper rail and of another rail intermediate the platform and the upper rail. The spaces between this middle rail and the platform and the upper rail were of twenty-one inches, each. An access to the platform from the lake was furnished by a space, or walk, constructed at the side of the slide. The slide was continued from the edge of the platform so as to project over it to a point about over the center. Upon the projecting portion a sled, or toboggan, would be placed in the trough, and the person taking part in the sport would throw himself upon the toboggan and slide down it into the lake waters. A step was placed upon the platform, at the point where the walk up the incline terminated, which was about ten inches in height and in width, and which reached from the side of the toboggan slide to the railing, a distance of some two feet and a half. The walk up the incline and the platform would, of course, become wet, from their use by persons coming out of the water, and there was evidence to show that a person had slipped, at least, upon the walk in consequence. The testimony as to how the accident in question happened was given by two witnesses, who were standing below, upon the ground, and one of them,

only, was able to describe the apparent actions of the deceased before, and as, he fell from the platform. The witness could not see the surface of the platform, nor the feet of the deceased ; but he described the latter as falling from the step, feet foremost, through the space between the middle rail and the floor of the platform, to the ground below, and striking, in his fall, a part of the structure. The deceased had just mounted upon the step and had placed his sled in the trough of the slide ; when his feet shot out from under him. Whether he slipped, while in the act of throwing himself upon the sled ; or whether he lost his balance from some other cause than slipping, was not clear from the evidence. The accident occurred in August, 1900, and the premises were in the possession of one Briggs, under a lease by the defendant for the season, at a fixed rental. By the terms of the lease, the lessee could make no alteration in the premises, without the written consent of the lessor, and reservation was made to the latter of the right to permit its officers and agents to enter upon the premises, at any time, for the purpose of examination, or of doing any work necessary for the care and preservation of the property.

*James Breck Perkins* for appellant. There was evidence of negligence in the construction of the platform by the defendant, which was properly submitted to the jury. (*Donnelly* v. *City of Rochester,* 166 N. Y. 315 ; *Larkin* v. *O'Neill,* 119 N. Y. 221 ; *Hart* v. *Grennell,* 122 N. Y. 371 ; *Burke* v. *Witherbee,* 98 N. Y. 562 ; *Dongan* v. *C. T. Co.,* 56 N. Y. 1 ; *Loftus* v. *U. F. Co.,* 84 N. Y. 455 ; *Quill* v. *E. S. T. Co.,* 92 Hun, 539 ; *Cleveland* v. *N. J. S. Co.,* 125 N. Y. 299 ; *Hubbell* v. *City of Yonkers,* 104 N. Y. 434 ; *Dinnihan* v. *L. O. B. I. Co.,* 8 App. Div. 509.) The question of contributory negligence was properly submitted to the jury. (*Kelley* v. *P. H. E. Co.,* 51 N. Y. S. R. 549 ; *Crosby* v. *N. Y. C. & H. R. R. R. Co.,* 88 Hun, 196 ; *Dowd* v. *N. Y., O. & W. Ry. Co.,* 170 N. Y. 459 ; *Stackus* v. *N. Y. C. R. R. Co.,* 79 N. Y. 464 ; *Weil* v. *D. D., E. B. & B. Ry. Co.,* 119 N. Y.

147.) The action was properly brought against the defendant. (*Dinnihan* v. *L. O. B. I. Co.*, 8 App. Div. 509; *Francis* v. *Cockrell*, L. R. [5 Q. B.] 501; *Butcher* v. *Hyde*, 10 Misc. Rep. 275; *Carrier* v. *B. M. H. Assn.*, 135 Mass. 414; *Swords* v. *Edgar*, 59 N. Y. 28; *Wolf* v. *Kilpatrick*, 101 N. Y. 146; *Edwards* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 245; *Timlin* v. *S. O. Co.*, 126 N. Y. 514; *Camp* v. *Wood*, 76 N. Y. 92; *Fox* v. *Buffalo Park*, 21 App. Div. 321.)

*Charles J. Bissell* for respondent. The defendant having leased the premises to the occupant, and being out of possession, is not liable. (*Jaffe* v. *Harteau*, 56 N. Y. 398; *Edwards* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 245; *Franklin* v. *Brown*, 118 N. Y. 110; *Mellen* v. *Morill*, 126 Mass. 545; 2 S. & R. on Neg. [4th ed.] § 711; *Burdick* v. *Cheadle*, 26 Ohio, 397; *Roberts* v. *Jones*, 15 C. B. [N. S.] 221; *McKenzie* v. *Cheatham*, 83 Me. 543; *Woods* v. *N.*, etc., *& Co.*, 134 Mass. 357; *Rowe* v. *Hunking*, 135 Mass. 380; *Fellows* v. *Gilhuber*, 82 Wis. 639.) The question whether or not the construction was negligent ought not in this case to be left to a jury. The question is, whether an ordinarily prudent man would have been satisfied with the construction as it was. (*Larkin* v. *O'Neill*, 119 N. Y. 221; *Crafter* v. *M. Ry. Co.*, L. R. [1 C. P.] 300; *Hart* v. *Grinnell*, 122 N. Y. 371; *Burke* v. *Witherbee*, 98 N. Y. 562; *Dongan* v. *C. T. Co.*, 56 N. Y. 1; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Laflin* v. *B. & S. R. R. Co.*, 106 N. Y. 136; *Craighead* v. *B. C. R. R. Co.*, 123 N. Y. 391; *Glasier* v. *Town of Hebron*, 131 N. Y. 447; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434.) The proof does not show that deceased was free from contributory negligence. (Beach on Con. Neg. § 37; *Koehler* v. *S. S. Mfg. Co.*, 12 App. Div. 50; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308; *Hickey* v. *Taaffe*, 105 N. Y. 26; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 540; *Ogley* v. *Miles*, 139 N. Y. 458; *Tenbroeck* v. *W. F. & Co.*, 47 Fed. Rep. 690; *Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459; *Bond* v. *Smith*, 113 N. Y. 378.)

GRAY, J.   The appeal from the order of reversal permits of our reviewing any of the questions of law, which were before the Appellate Division.   (*Albring* v. *N. Y. C. & H. R. R. R. Co.*, 174 N. Y. 179.)

Upon the facts which have been stated, the first question for our consideration, and one which is much dwelt upon by the defendant respondent, is whether, if the accident complained of is attributable to negligence in the construction of the structure of the platform, to be used in connection with the toboggan slide, the defendant can be held to have been responsible.   While, as a general rule, a lessor, in the absence of any agreement, or of fraud, is not liable to the lessee for the condition, or tenantable use, of premises demised, (*Sutton* v. *Temple*, 12 M. & W. 52; *Jaffe* v. *Harteau*, 56 N. Y. 398), that rule is subject to exceptions.   If the premises which are rented are in such a dangerous condition, as to constitute a nuisance at the time of the renting, the lessor remains liable for the consequences of the nuisance, notwithstanding that his lessee may also be liable.   (*Swords* v. *Edgar*, 59 N. Y. 28.) If the premises are rented for a public use for which he knows that they are unfit and dangerous, he is guilty of negligence and may become responsible to persons suffering injury, while rightfully using them.   Such instances would be where he lets a warehouse, so imperfectly constructed that the floors will not support the weight necessarily upon them ; or where he lets a building for public amusements, or exhibitions, or other public purposes, and its construction is so unsafe, structurally, as to be the cause of injury to any one. (*Francis* v. *Cockrell*, L. R. [5 Q. B.] 184, 501; *Fox* v. *Buffalo Park*, 21 App. Div. 321; affirmed, 163 N. Y. 559 ; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 245.)   This liability for injuries, attributable to the unfit condition of premises, which have been let for a specific purpose, rests upon negligence ; that is to say, upon the omission of a duty to use due care in their erection, or construction.   The law holds the lessor responsible, not upon any contractual obligation, but because of the *delictum*.   If, as claimed in this case, a person has

erected a structure and designed it for the use of the public, which was either structurally defective, or which was faulty, in failing to afford what, in the judgment of reasonable men, would be a proper and adequate protection to persons using it, then he has incurred the risk of being made responsible for occurrences resulting in injury to any one by reason of the faulty construction. The contention, in this case, is that the toboggan structure was unsafe for the specific use for which the defendant intended and let it to Briggs and the question is, simply, whether the platform was built in so reasonably safe a manner, as to prevent the occurrence of accidents, which men, of ordinary prudence and knowing the nature of the public use to which it was to be put, might have foreseen as possible. There is a difference between this case and other cases in this, that the defect in question was not in the supports of the structure, but in the manner in which the railing around the platform was constructed; which rendered it possible for a person to fall through it to the ground. The difference, however, is not one which affects the doctrine of the lessor's responsibility; for, obviously enough, the essential principle of the doctrine is the omission, or the neglect, of a duty in preparing a structure, to be put to a particular public use, to make it reasonably fit, or safe, for that use.

In my opinion, the defendant, having built the structure for the amusement, or entertainment, of the public, impliedly, warranted that it might be used with such safety to the person as could reasonably be demanded.

If, then, the defendant could be made responsible for any neglect in the construction of this toboggan slide, the question, then, presents itself whether, upon the evidence, the court could say that, as matter of law, the railing constructed about the platform was a reasonably sufficient protection to the persons using it. However imperfectly described the occurrence of this accident, it is, certainly, evident that the railing was not, as it existed, sufficient to prevent a person falling through its openings. Whether the deceased slipped, or whether, stumbling, he lost his balance, when in the act of making use

of the slide, is not material; because, in either event, the particular form of sport to be indulged in rendered slipping, or stumbling, a reasonably-possible occurrence. All persons were invited, upon the payment of an entrance fee, to make use of this structure and the amusement provided for involved some risks. These risks attending an amusement which was prepared to allure the public for their emolument, the proprietors, or lessors, were bound to anticipate and to protect against, so far as they were not necessarily incidental thereto. A stricter measure of duty was involved, in preparing such a structure to induce the public use, and it was required that the risks should be minimized, to the extent that reasonably prudent men might forsee the necessity of doing so. The risk of falling from the platform may have been apparent to persons using it; but those persons had the right to assume that they went there without incurring any risk which might have been reasonably anticipated by the proprietor of the concern. They came there by invitation and with the right to believe that every reasonable care had been taken for their safety, in the erection of the slide. That an accident of the same kind had never before happpened furnishes no ground of defense, if it might, in reason, have been anticipated. (*Cleveland* v. *N. J. Steamboat Co.*, 125 N. Y. 299; *Donnelly* v. *City of Rochester*, 166 ib. 315.)

In my opinion, the situation being such that a fall from the platform was a possible occurrence to the majority, if not to all, of the persons who used the toboggan slide, a question of fact was presented upon the evidence whether the platform structure had been constructed with that due care, which, in the judgment of prudent men, in view of the purpose, should have been exercised by the defendant. That question was for the jury to answer.

I think that whether the deceased was free from contributory negligence was properly left to the jury. The circumstances, under which the deceased was seen to fall, furnish no inference that he was careless. He was a lad of some fifteen years of age, concededly bright and active, and he was

engaged in doing something to which he was expressly invited. The court could not hold, as matter of law, under the circumstances, that he had contributed to the result.

I think that the order of the Appellate Division should be reversed and that judgment should be ordered to be entered upon the verdict for the plaintiff, with costs in all the courts.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and WERNER, JJ., concur.

Order reversed, etc.