H. S. CHEW v. H. S. LEONARD and PIEDMONT WAGON & MANUFAC-
TURING COMPANY, a CORPORATION.

(Filed 19 November, 1947.)

1. **Pleadings § 15—**

   A demurrer ore tenus admits the facts alleged in the complaint.

2. **Master and Servant § 9—**

   A bonus offered by an employer to an employee to render more efficient service over a stipulated period of time is not a gratuity or gift, but is a supplementary contract and enforceable, whether the bonus is promised in a fixed sum or is to be measured by the earnings of the business or the efficiency of production.

3. **Contracts § 1—**

   A contract will not be held unenforceable because of uncertainty if the intent of the parties can be ascertained from the language used, construed with reference to the circumstances surrounding the making of the contract, and its terms reduced to certainty under the maxim of *id certum est quod certum reddi potest.*

4. **Master and Servant § 9—Agreement to pay bonus if employee saved stipulated amount in manufacture of products held not void for uncertainty.**

   Plaintiff was employed as production manager for one year at a fixed salary, and promised a bonus if he should save defendant employer more than a stipulated sum "in the manufacture" of defendant's products. Plaintiff instituted action for the bonus upon allegations, admitted by demurrer, that he had saved defendant the stipulated sum. *Held:* The failure of the contract to stipulate the manner in which the "saving" should be effected does not render the agreement to pay the bonus unenforceable on the ground of uncertainty since, construing the agreement with reference to the circumstances under which it was entered, it is obvious the parties contemplated a saving by reduction in production costs, ascertained in accordance with the usual custom, as compared with pro-

duction costs for the previous year. Defendant's demurrer should have been overruled.

APPEAL by plaintiff from *Warlick, J.,* at June Term, 1947, of BURKE.

This is a civil action to recover a bonus under the terms of a written agreement entered into between the plaintiff and the corporate defendant, the Piedmont Wagon & Manufacturing Company, by which said defendant employed the plaintiff as its production manager for a term of one year, beginning 1 January, 1945, at a specified annual salary of $7,-000.00, and also promised to pay the plaintiff in addition to his annual salary a $2,000.00 bonus at the end of the year, provided the services of the plaintiff saved the Piedmont Wagon & Manufacturing Company more than $7,000.00 in the manufacture of wagons and other articles. It was also agreed that the plaintiff, as production manager, should "have complete control of all personnel except office personnel, control of engineering, manufacturing and production, answering directly" to the president of the corporate defendant. The plaintiff was also obligated "to act in the same capacity on other projects" the corporation might wish him to handle.

The stipulated annual salary has been paid. The sole question involved is whether or not the provision for the payment of the bonus, is too indefinite, vague and uncertain to be enforced.

In the trial below the defendants demurred *ore tenus,* and the court sustained the demurrer and dismissed the action.

Plaintiff appeals, assigning error.

*Theodore F. Cummings for plaintiff.*

*Aiken, Patrick, Murphy & Harper and S. J. Ervin, Jr., for defendants.*

DENNY, J. The plaintiff alleges that he became production manager of the defendant corporation pursuant to terms of the contract referred to herein, and that his services resulted in corporate savings "of more than $7,000.00 in the manufacture of wagons and other articles." For the purpose of testing the sufficiency of the allegations in a complaint, a demurrer *ore tenus* admits the facts to be as alleged. *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494; *Pearce v. Privette,* 213 N. C., 501, 196 S. E., 843; *Packard v. Smart,* 224 N. C., 480, 31 S. E. (2d), 517, 155 A. L. R., 536; *Morgan v. Carolina Coach Co.,* 225 N. C., 668, 36 S. E. (2d), 263.

Consequently, we must determine whether or not there was error in sustaining the demurrer *ore tenus.* The ruling of the court below was proper if the provision for the payment of the stipulated bonus is too indefinite, vague and uncertain to be enforced, otherwise not.

A bonus offered by an employer to an employee as an inducement to the employee to render more efficient service over a stipulated period of time, is not a gratuity or gift; and, when the employee accepts the offer and enters the service of the employer, "it becomes a supplementary contract of which he cannot be derprived without sufficient cause." *Roberts v. Mills,* 184 N. C., 406, 114 S. E., 530, 28 A. L. R., 338; *Warren v. Mosher,* 31 Ariz., 33, 250 Pac., 354, 49 A. L. R., 1311.

The appellees are relying upon the vagueness of the contract, because it did not spell out how the savings "of more than $7,000.00 in the manufacture of wagons and other articles" was to be ascertained, citing *Van Slyke v. Broadway Ins. Co.,* 115 Cal., 644, 47 Pac., 689; *Petze v. Morse Dry Dock & Repair Co.,* 125 App. Div., 267, 109 N. Y. Supp., 328; *Varney v. Ditmars,* 217 N. Y., 223, 111 N. E., 822; Ann. Cas. 1916 B, 758, and similar cases.

In *Van Slyke v. Broadway Ins. Co., supra,* a contract between an insurance agent and the insurance company for a contingent commission of five per cent, which did not give the facts upon which the contingency depended nor state the sum on which the five per cent was to be computed, was held unenforceable.

Likewise, in *Petze v. Morse Dry Dock & Repair Co., supra,* the Court held that a contract by which an employee, in addition to certain specified compensation was to receive five per cent of the net distributable profits of a business, was unenforceable because the parties also agreed that the method of accounting to determine the net distributable profits should be agreed upon later; and, the defendant would not agree upon a method of accounting to determine such net distributable profits.

In the case of *Varney v. Ditmars, supra,* the contract called for the employee to receive "a fair share of the profits." This provision was held to be too "vague, indefinite, and uncertain" to be enforced.

The appellant, on the other hand, contends that there is nothing vague, uncertain or indefinite in the contract. The time of performance was fixed. The nature of the work to be done under the provisions of the agreement is sufficiently clear. The services have been rendered. The only question which remains to be determined is whether or not such services actually resulted in a savings of more than $7,000.00, as alleged in the complaint. If so, he is entitled to recover, otherwise not.

A contract of employment at a fixed salary, with the promise of a further sum or "bonus," either measured by the earnings of the business or as a fixed sum, is enforceable. Williston on Contracts, Revised Ed., Vol. I, Sec. 130 B, citing *Roberts v. Mills, supra; Kennicott v. Wayne,* 83 U. S., 452, 21 L. Ed., 319, and other authorities.

In the case of *Fruth v. Gaston* (Texas Civil Appeals), 187 S. W. (2d), 581, Fruth was to receive a salary of $42.50 per week and in addition

thereto 1% on gross sales and "between 3% and 5% of the net profits, to be later agreed upon." The Court held although the percentage of net profits to be received by the plaintiff was not definitely agreed upon, but left for future determination, the plaintiff's right of recovery was not defeated. "Such a promise would imply an agreement to pay at least the minimum amount designated."

In the case of *Sutliff v. Seidenberg,* 132 Cal., 63, 64 Pac., 131, it was held: "A contract may be explained by reference to the circumstance under which it was made and the matter to which it relates. . . . Read in the light of these rules, the contract seems to us quite intelligible and certain. Defendants were doing business as cigar manufacturers in New York City, and desired to make a market for their goods in California. Adelsdorfer & Brandenstein, who were merchants in San Francisco, were made their distributing agents, and Simon was to assist them in introducing the goods to the public. Defendants not only spoke in the contract of making their line of cigars a success, but they further explained their meaning in the clause, 'and for all services necessary to represent our interest we agree to pay,' etc., and by the clause, 'this agreement to remain in force as long as our goods find ready sale on this coast.' Whatever of uncertainty there may be in the meaning of the clause 'to make our line of cigars a success in San Francisco' seems to be cleared up, at least sufficiently as against a general demurrer, by the subsequent clauses."

It seems to us the only difficulty here, if there be any, is to determine how the parties contemplated ascertaining the savings of more than $7,000.00 in the manufacture of wagons and other articles, which was made a condition precedent to the right of plaintiff to recover the bonus of $2,000.00.

Evidently the plaintiff held himself out as an expert production manager, at least the president of the defendant corporation who employed him thought him to be so. Doubtless the management of the corporation was not satisfied with production costs. It is a matter of common knowledge that oftentimes the ability of the management of a corporation to reduce its manufacturing costs to a minimum without impairing efficiency in production, spells the difference between success and failure. Savings in the process of manufacturing a product may be effected in many different ways. Sometimes it is brought about by the increased efficiency of labor or by the elimination of antiquated methods in the manufacturing process. There is certainly nothing in the contract under consideration that would justify an interpretation that the parties had in mind any savings in the purchase of raw materials, the sale of the manufactured products of the corporation or by the curtailment of operations. The very terms of the contract exclude such an interpretation.

But we do think the minds of the parties met on what was to be done and where the production manager was to effect the savings and how much the savings had to be before he would be entitled to receive the additional $2,000.00. The savings were to be effected by a reduction in production costs.

It is permissible to consider the nature of the work to be done, the circumstances surrounding the making of such a contract, and the usual custom of arriving at production costs, in the interpretation of this and similar contracts. What did the parties contemplate when they contracted with reference to a saving of more than $7,000.00 in the manufacture of wagons and other articles? The only legitimate answer to that question, if the parties were acting in good faith, and we presume they were, is that if by efficient management a sum in excess of $7,000.00 could be saved in production costs in the manufacture of wagons and other articles manufactured by the corporation in the year 1945, as compared to production costs the previous year in the manufacture of such articles, the plaintiff would be entitled to the additional compensation, otherwise not. *Id certum est quod certum reddi potest.* The law does not favor the destruction of contracts on account of uncertainty, and "the Courts will, if possible, so construe the contract as to carry into effect the reasonable intent of the parties, if it can be ascertained." *Fisher v. Lumber Co.,* 183 N. C., 485, 111 S. E., 857, 35 A. L. R., 1417, 12 Am. Jur., 556; *McCaw Mfg. Co. v. Felder,* 115 Ga., 408, 41 So., 664; *Southwest Pipe Line Co. v. Empire Natural Gas Co.,* 33 F. (2), 248; 64 A. L. R., 1229.

In the case of *McCaw Mfg. Co. v. Felder, supra,* a corporation engaged in the manufacture of boxes, agreed to furnish the defendant "all the boxes which should be rendered necessary to pack the output of the factory of the defendant, and corresponding promise on the part of the defendant to order from the company all such boxes," was held to be an enforceable contract against either party. The Court said: "The promise of the one was a sufficient consideration for the promise of the other. It would have been, perhaps, impossible for the defendant to have specified the exact number of boxes which it would require for the period of one year, but it was doubtless well understood by both parties to the agreement what the approximate number would be, based on the number of boxes the defendant had required during a similar period in the past; and the fact that the exact number of boxes was not specified would not render the contract void for want of mutuality."

We have no doubt but that most well managed corporations keep accurate records on manufacturing costs from year to year. While we are not concerned as to whether or not the plaintiff can make out his case

before the jury, we do think the allegations of the complaint are sufficient to survive the demurrer.

The judgment of the court below is

Reversed.