MAX GIBSON, by LAWRENCE GIBSON, his father and next friend, appellant, v. THE SHELBY COUNTY FAIR ASSOCIATION et al., appellees.

No. 47674.

(Reported in 44 N.W.2d 362)

OCTOBER 17, 1950.

REHEARING DENIED DECEMBER 18, 1950.

Bennett Cullison and Fred Louis, Jr., both of Harlan, for appellant.

G. O. Hurley and Hines & Higgins, all of Harlan, for appellees.

MULRONEY, J.—Max Gibson, age seventeen, was a spectator at a "hot rod" race held at the Shelby County fairgrounds in Harlan, Iowa. He was injured when struck by a wheel that became detached from a racing car. In his suit, by his father and next friend, against the defendant fair association corporation and its directors, the trial court sustained defendants' motion to dismiss. The plaintiff elected not to amend and he appeals from the judgment of dismissal of his petition.

The appellant's digest of the petition, motion and ruling of the trial court, which was accepted by the appellees, with some minor additions which we have included, will be used for a preliminary statement of the case.

Plaintiff alleged that (1) the defendants are the owners of a fairgrounds devoted to uses of public amusement, upon which they maintained a race track constructed for the purpose of horse racing, with various barriers, fences, bleachers, grandstand, and other appurtenances (2) that the defendants, with knowledge of the purpose and character of the event intended, leased, licensed and consented that the property be used by another for the purpose of conducting thereon a public exhibition of a "hot rod" race to which the public was to be invited to attend as invitees (3) that the aforesaid premises and ap-

purtenances were wholly unsuitable for such purposes, which condition was known by the defendants (4) that plaintiff attended said race as an invitee and went onto the premises at a place near the track where the public was invited and permitted to be (it is not alleged he was in the grandstand), (5) that a wheel from one of the racing cars participating therein became detached from the vehicle and struck plaintiff (6) causing a fracture of the fifth cervical vertebra and resulting in a complete, total and permanent bodily paralysis.

Defendants moved that the petition be dismissed because (1) it does not allege any actionable negligence of the defendants which could be construed as a proximate cause in that it affirmatively appears that the injuries were not caused by any defect in the premises but by the breaking off of a wheel from a motor vehicle in a race sponsored by the lessee (2) does not allege nonperformance of any duty owed by the defendants to the plaintiff (3) that the petition affirmatively shows that the injuries were caused by the breaking off of a wheel in a race sponsored by another without any allegation that he, together with the defendants, were joint venturers, and (4) that it affirmatively appears that there was a safe place, namely, a grandstand, and plaintiff failed and refused to avail himself of the use of said grandstand.

The court sustained the motion to dismiss because (1) the petition failed to state that the defendants and their lessee were engaged in a joint venture (2) is insufficient to support a claim that there was a defect in the defendants' premises which could be said to be actionable negligence, and (3) the allegations of the petition do not support the claim that any act or thing done by the defendants was the proximate cause of the injury.

I. When premises are leased for a public use the owner is charged with liability if a member of the public, rightfully on the premises, is injured because of a defective or dangerous condition that was known to the lessor or by reasonable inspection might have been known at the time of leasing. Restatement of the Law, Torts, section 359; Larson v. Calder's Park Co., 54 Utah 325, 180 P. 599, 4 A. L. R. 731; Arnold v. State, 163 App. Div. 253, 148 N. Y. Supp. 479; Barrett v. Lake Ontario

Beach Imp. Co., 174 N. Y. 310, 66 N.E. 968, 61 L. R. A. 829; Oxford v. Leathe, 165 Mass. 254, 43 N.E. 92; Junkermann v. Tilyou Realty Co., 213 N. Y. 404, 108 N.E. 190, L. R. A. 1915F 700; Sulhoff v. Everett, 235 Iowa 396, 16 N.W.2d 737.

In Junkermann v. Tilyou Realty Co., supra, at page 408 of 213 N. Y., page 191 of 108 N.E., Justice Cardozo, speaking for the New York Court of Appeals, stated:

"We may say that those who enter a structure designed for public amusement are there at the invitation, not only of the lessee who maintains it, but also of the lessor who has leased it for that purpose, and that the latter's liability is merely an instance of the general rule which charges an owner of property with a duty toward those whom he invites upon it. [Citing cases.] We may say more simply, and perhaps more wisely, rejecting the fiction of invitation, that the nature of the use itself creates the duty * * *. Whatever the underlying principle that explains the rule, the rule itself is settled."

In Barrett v. Lake Ontario Beach Imp. Co., supra, at page 314 of 174 N. Y., page 969 of 66 N.E., the court stated the rule as follows:

"If the premises are rented for a public use for which he [the lessor] knows that they are unfit and dangerous, he is guilty of negligence and may become responsible to persons suffering injury, while rightfully using them."

 The question here is whether the plaintiff's petition states a cause of action under the above rule. We do not understand that defendants question the above rule, for in their brief they state:

"In final analysis, the defendants' liability, if any, must be predicated on the fact that they participated in the promotion and management of the race or upon their liability as landlord for leasing premises so defective that they could not be safely used for the express purpose of the lease, neither of which allegation is in the petition."

It can be admitted there is no allegation in the petition that the defendants "participated in the promotion or management

of the race" but it is not so clear that the petition fails to allege that the premises were "so defective that they could not be safely used" for hot rod racing.

Defendants argue that there was no case of defective premises pleaded, for a defect in the premises "for which a landlord would be liable is something which can best be described as a trap, snare, pitfall, or hidden danger such as the breaking of steps or seats in the grandstand or bleachers." These are some of the instances where the rule of the landlord's liability has been applied but they are by no means all. The word "defective" in the rule means construction that is unfit for the leased use, as well as a state of disrepair. Barrett v. Lake Ontario Beach Imp. Co., supra.

The petition alleges that the race track and barriers, guards and other structures maintained by the defendants were constructed for the purpose of "harness racing" and were "wholly unsuitable and inadequate" for the hot rod races for which they were leased and defendants knew or in the exercise of reasonable care should have known this. The petition goes on to allege that such automobile races on a track like the one described with "guards, barriers and fences" in such a condition are "inherently dangerous" to spectators (for authority for this see Arnold v. State, supra) and that defendants knew or in the exercise of reasonable care should have known of such danger. We think this is a sufficient statement of a cause of action predicating liability for leasing premises so defective that they could not be safely used for the express purpose of the lease. Moreover the petition goes on to describe the barrier as consisting of a woven-wire fence, which it alleges was in a "dilapidated and in a ruinous condition" and inadequate to protect spectators, and defendants also knew or in the exercise of reasonable care should have known this condition of the barriers. These averments would seem to be within even defendants' concept of defects for which a landlord would be liable. While there is not the specific allegation that the dilapidated condition of the barriers existed at the time of leasing, we think that is the fair import of the pleading. The leasehold period is not pleaded. But the mere fact that it was a fairgrounds would indicate the lease

was for a short period of time. In Oxford v. Leathe, supra, at page 255 of 165 Mass., page 93 of 43 N.E., Justice Holmes, speaking for the Supreme Judicial Court of Massachusetts, observed that where a rink had been leased for a few days to Gleason for exhibitions of horse training, "the short and interrupted character of the occupation allowed to Gleason made it obvious that the safety of the building must be left mainly to the defendant [landlord]."

II. Defendants argue the negligence charged could not be the proximate cause of the injury. They say the petition shows the injuries were caused by a wheel from one of the racing vehicles striking plaintiff and it could not have been caused by any negligent act of theirs because the petition shows the defendants did not have control over the vehicles. There is no merit in the argument. The defendants owed a duty to exercise reasonable care for the protection of the public against danger likely to result from the racing exhibition. This duty can be breached by permitting such races where reasonable protection for the public is not afforded by the barriers enclosing the race track. As said in Arnold v. State, supra: "It was an independent and actionable act of negligence to permit such a race to be held on such a track." (163 App. Div. at page 262, 148 N. Y. Supp., page 485.)

While the physical force that caused the injury might have been caused by a third party, the proximate cause of plaintiff's injuries could, under the pleaded case, be the nonobservance of a legal duty which the owners owed to plaintiff.

III. The only other proposition urged by defendants in support of the trial court's ruling is stated thus: "The defendants in furnishing a grandstand from which the race could be viewed cannot be liable for the acts of its tenant, or licensee for the negligent use of the premises in permitting the plaintiff to remain in an obvious place of danger."

From our reading of the petition we are unable to discover where plaintiff was at the time of the accident. The petition merely alleges he bought his ticket, entered the premises "and situated himself at a place near said track in order to view said race in a situation where the public was allowed and permitted to

be." True, there is no allegation that he was in the grandstand, but that might not be fatal to his case if he was elsewhere at a place where patrons were allowed and permitted to stand. Arnold v. State, supra. The petition does show he stood behind the barrier or fence alleged to be inadequate and dilapidated.

This is only the pleading stage of this lawsuit. Defendants' argument amounts to a contention that the petition shows on its face that plaintiff was guilty of contributory negligence. Since the petition does not disclose exactly where plaintiff was at the time of the accident we cannot rule that it shows he was in an obvious place of danger. It would be a most unusual case for a court to be justified in making such a ruling of contributory negligence in the absence of any evidence.

The ruling of the trial court and the judgment based thereon are reversed.——Reversed.

GARFIELD, C.J., and HALE, OLIVER, WENNERSTRUM, SMITH, and HAYS, JJ., concur.