FRANCES C. WILLIAMS v. RUDOLPH S. STRICKLAND, H. H. STRICK- LAND AND STRICKLAND ENTERPRISES, INC., ORIGINAL DEFEND- ANTS, AND CATHERINE V. STRICKLAND AND FRANCES G. STRICK- LAND, ADDITIONAL PARTIES DEFENDANTS.

(Filed 29 January, 1960.)

**1. Pleadings § 16—**

A demurrer *ore tenus* to the jurisdiction of the court or for failure of the complaint with its amendments to state a cause of action may be interposed after the jury has been impaneled. G.S. 1-134.

**2. Pleadings § 17b—**

A demurrer *ore tenus* must distinctly specify the grounds of objection to the complaint, or it may be disregarded. G.S. 1-128.

**3. Pleadings § 15—**

Upon demurrer the complaint must be liberally construed with a view to substantial justice between the parties, and the pleader will be given every reasonable intendment in his favor. G.S. 1-151.

**4. Negligence § 20—**

In this action against a corporation and against individuals who were the stockholders and officers of the corporation, to recover for injuries received at an auto race track, the complaint alleged that the four individual defendants were operating the track as their own busi- ness individually and as a partnership and that "if . . . the individual defendants were attempting to operate" the race track "as a corpora- tion . . ." and further alleged that "defendants" were negligent in specified aspects. *Held:* Construing the complaint liberally it sufficient- ly alleged negligence on the part of the individual defendants.

**5. Games and Exhibitions § 2—**

A person purchasing an admission ticket and entering on a race track conducted for profit is an invitee.

**6. Same—**

As a general rule the owner or operator of an automobile race track

is charged with the duty of exercising care commensurate with the known or reasonably foreseeable dangers to prevent injury to patrons.

**7. Pleadings § 15—**

A demurrer *ore tenus* raises no issue of fact, since a demurrer admits, for the purpose of testing the sufficiency of the pleading, all relevant facts well pleaded and legitimate inferences of fact deductible therefrom, except facts contrary to matters of which the court is required to take judicial notice or facts contrary to those declared and established by a valid statute applicable to and controlling the subject. A demurrer does not admit conclusions of law.

**8. Pleadings § 19c—**

A joint demurrer by all of the defendants must be overruled if the complaint states a good cause of action as to any one of them, the court having jurisdiction of the parties and the cause.

**9. Games and Exhibitions § 2— Complaint held to state cause of action for negligence in failing to provide reasonably safe place for patrons of auto race.**

The complaint alleged that the auto race track in question was constructed without provision for the seating of patrons, that a cable some eighteen inches above the ground was the sole barrier between the race track proper and the area from which patrons were impliedly invited to watch the races, that the individual defendants constructed the track in this manner and leased the premises to the corporate defendant for this purpose, and that plaintiff was injured while standing at the end of the track in a place of special danger, when struck by a wheel which came off of one of the racing cars making the turn at the end of the track. The complaint further alleged that defendants knew, or in the exercise of due care should have known, that it is not uncommon for wheels to come off racing cars during a race, and that injury to patrons therefrom was likely unless the patrons were protected by a fence, wall or barricade of sufficient height, etc. *Held*: The complaint is sufficient to state a cause of action against the individual defendants.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Frizzelle, J.,* May Civil Term, 1959, of NASH.

Civil action to recover damages for personal injuries.

Plaintiff amended her complaint twice, once as a matter of right before the time for answering had expired, and once by order of court. The four individual defendants and the corporate defendant filed separate answers to the complaint amended as a matter of right, and a joint answer to the amendment allowed by order of court.

After the jury had been impaneled to try the case, defendants demurred *ore tenus* to the complaint without specifying any grounds of objection.

From a judgment sustaining the demurrer *ore tenus* and dismissing the action, plaintiff appeals.

*Don Evans for plaintiff, appellant.*
*Gardner, Connor & Lee for defendants, appellees.*

PARKER, J.   This is a summary of the complaint and its two amendments, except where the exact words are quoted:

In 1957 two men and their wives — the four individual defendants — purchased a tract of land, which was conveyed to them in fee simple, and began the construction thereon of a stock car race track. On 14 August 1957, the four individual defendants organized Strickland Enterprises, Inc., the corporate defendant, to engage in the amusement business, including the operation of a stock car race track. The four individual defendants are the sole stockholders and officers of this corporation. After the race track was completed, the four individual defendants leased the race track premises to the corporate defendant.

On 24 August 1957, the four individual defendants began holding stock car races on the premises and charging admission thereto under the name of Edgecombe Speedway. Edgecombe Speedway was and is open to the public as a place of amusement, and the operators of it invited the public to attend the stock car races. Large numbers of people attended the races.

On 22 September 1957, plaintiff, with numerous other persons, purchased from the operators of Edgecombe Speedway admission tickets. There were no grandstand or bleacher seats provided, and plaintiff, with a crowd of other spectators, stood up beyond one end of the race track to watch the races. During the races, and while a number of racing cars were going around the race track at high speeds, a wheel came off one of the racing cars making a turn at the end of the race track near which plaintiff and a crowd of spectators were standing, and "flew" toward plaintiff at a high speed striking her and causing her serious injuries.

Defendants were negligent, which negligence was the proximate cause of her injuries, in that: One. They provided no seats of any kind for paid spectators, who were required to stand near the race track to see the races. Two. They failed to provide a fence, wall, or barricade of sufficient height and strength to protect plaintiff and other paid spectators from wheels that at times come off speeding stock car racers and fly through the air at high speeds, though defendants knew, or, in the exercise of due care, should have known, that it is not uncommon for wheels to come off such racing cars during a race, and might likely injure a spectator. In spite of this foreseeable danger,

defendants only strung one cable about 18 inches high above the ground, separating the race track proper from the area in which plaintiff, and other paid spectators were standing watching the races. Three. They failed to inspect the racing cars prior to the race during which plaintiff was injured to see if the wheels of the racing cars were in safe condition for racing. Four. Defendants failed to warn plaintiff of the increased danger of standing near the end of the race track, and failed to fence off or rope off such area, though defendants knew, or should have known, such area was relatively more dangerous for spectators during a race than the area surrounding other parts of the race track.

At the time of plaintiff's injuries the four individual defendants had actual control of the operations of Edgecombe Speedway. "Whatever attempts the four individual defendants later made to operate Edgecombe Speedway as a corporation, at the time plaintiff was injured, these four individual defendants were operating, conducting, managing and controlling the affairs of Edgecombe Speedway as their own business individually, and as a partnership."

If at the time of plaintiff's injuries the four individual defendants were attempting to operate Edgecome Speedway as a corporation, the corporation was managed and controlled by them as their own business individually, and is in fact their *alter ego,* and was being used for the sole purpose of permitting them, owners of the race track, to operate a dangerous enterprise under a corporate guise, and thereby to shield themselves from personal liability for acts of negligence. The corporation, when organized, was under capitalized, and is insolvent, and was at the time plaintiff was injured.

Plaintiff prays that she have judgment against the four individual defendants and the corporate defendant for $15,500.00, and that the court, if necssary, in the exercise of its equitable powers look behind the corporate entity, and consider who are the real and substantial parties.

The record shows that, after the jury had been impaneled to try the case, "the defendants filed a demurrer *ore tenus* to the plaintiff's complaint." At that stage of the trial, defendants had a right to demur *ore tenus* to the jurisdiction of the court, and that the complaint with its amendments does not state facts sufficient to constitute a cause of action. N.C.G.S. 1-134. However, the demurrer *ore tenus* "must distinctly specify the grounds of objection to the complaint, or it may be disregarded." G.S. 1-128; *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E. 2d 568; *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555. The demurrer *ore tenus* here specifies no ground of objection to the com-

plaint and its amendments. The judgment of the court merely recites that the demurrer *ore tenus* is sustained, and the action is dismissed.

All the defendants have filed a joint brief. They contend that the complaint alleges "Whatever attempts the four individual defendants later made to operate Edgecombe Speedway as a corporation, at the time plaintiff was injured, these four individual defendants were operating, conducting, managing and controlling the affairs of Edgecombe Speedway as their own business individually, and as a partnership," and this allegation is repugnant to the allegations in plaintiff's pleadings where "the specific acts of negligence complained of are alleged to be those of both the individuals and the corporation," and further that the above quoted allegation is repugnant to the prayer for judgment against the corporate defendant for $15,500.00. That these repugnant statements of fact destroy and neutralize each other, and the demurrer should be sustained.

The complaint and the amendments thereto allege that, after the race track was completed, the four individual defendants leased the race track premises to the corporate defendant, but no specific date is stated. The complaint specifically alleges that at the time plaintiff was injured the four individual defendants were operating, conducting, managing and controlling the affairs of Edgecombe Speedway as their own business individually and as a partnership. The complaint and its amendments do not allege as a fact that the corporate defendant operated the race track at the time plaintiff was injured; it alleges that if at the time plaintiff was injured, the individual defendants were attempting to operate Edgecombe Speedway as a corporation, etc.

The complaint alleges that "defendants" — not individual defendants and corporate defendant, but merely "defendants" — were negligent, and then follow statements of facts of alleged negligence. Upon the demurrer *ore tenus*, construing the complaint and its amendments liberally for the purpose of determining the effect of their allegations, with a view to substantial justice between the parties, and making every reasonable intendment in favor of the pleader (G.S. 1-151; *McKinley v. Hinnant, supra; Joyner v. Woodard*, 201 N.C. 315, 160 S.E. 288), it is our opinion that the word "defendants" in respect to the allegations of negligence manifestly refers to the individual defendants, and not to them and the corporate defendant. Defendants' contention of repugnancy in this respect is untenable.

Defendants further contend that plaintiff in his pleading has undertaken to state one or more causes of action against the individual defendants as officers and stockholders of the corporate defendant and as partners, and as individual owners of a race track and against the

corporate defendant on one or more theories, no one of which is explicit in statement of facts on which it is based, and the demurrer should be sustained. That each defendant is entitled to a plain and concise statement of the facts constituting the cause of action against him.

Since plaintiff purchased an admission ticket, and entered on the race track premises, a business conducted for profit, in the character of a patron, he occupied the status of an invitee. *Hahn v. Perkins*, 228 N.C. 727, 46 S.E. 2d 854.

"One who invites the public to attend a race between motor vehicles and charges an admission fee is bound to exercise reasonable care to make the place provided for spectators reasonably safe, but, although a spectator is injured, no liability may be imposed on the persons conducting the races, in the absence of a showing of negligence on their part." 61 C.J.S., Motor Vehicles, p. 682.

The general rule is that the owner or operator of an automobile race track is charged with the duty of exercising reasonable care, under the circumstances present, for the safety of patrons, that is a care commensurate with the known or reasonably foreseeable danger. Annotation, 37 A.L.R. 2d 393; where many cases are cited.

*Smith v. Agricultural Society*, 163 N.C. 346, 79 S.E. 632, Ann. Cas. 1915B, p. 544, was an action for injuries sustained by plaintiff, who was caught by his foot in the trail rope of a balloon which ascended from the fair grounds of defendant, and was carried in the air for some distance. Plaintiff paid his fare for entrance to the fair. The Court said, first quoting from 38 Cyc., 268: " 'The owner of a place of entertainment is charged with an affirmative, positive obligation to know that the premises are safe for the public use, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance, and he impliedly warrants the premises to be reasonably safe for the purpose for which they are designed.' He is not an insurer of the safety of those attending the exhibition, but he must use care and diligence to prevent injury, and by policemen or other guards warn the public against dangers that can reasonably be foreseen."

In *Hallyburton v. Burke County Fair Association*, 119 N.C. 526, 26 S.E. 114, 38 L.R.A. 156, it was held that defendant, under whose auspices and on whose grounds a horse race took place, is not negligent, and therefore responsible for an injury caused to a spectator, who had paid his entrance fee and was standing where spectators usually stand when watching a race, by a horse which bolted the track, when defendant had provided a building from which the race.

could be safely viewed, and had enclosed the race track on both sides by a substantial railing.

This is said in Annotation, 37 A.L.R. 2d 394: "If the need is obvious or experience shows that an automobile race of the character and in the place proposed requires, in order to afford reasonable protection to spectators, the erection of fences or similar barriers between the track and the places assigned to them, it becomes a part of the duty in exercising reasonable care for their safety to provide fences or barriers, the adequacy of which is dependent on the circumstances present, principally the custom of the business." In this same annotation (1954) 398, will be found a number of cases in respect to the absence or inadequacy of fences, barricades, or other protective devices, where under the circumstances of individual cases, a recovery has been upheld and denied.

In *Atlantic v. Rural Exposition, Inc. v. Fagan* (1953), 195 Va. 13, 77 S.E. 2d 368, 37 A.L.R. 2d 378, the court affirmed a judgment on a verdict of a jury against both the lessor and the lessee, the sponsors, promoters, and supervisors of an automobile racing exposition, upon evidence sufficient to pose a question of fact as to whether the defendants had exercised that care to protect the plaintiff, as a spectator, which might, under the circumstances shown, be expected of reasonably prudent persons acting under the same or similar circumstances, commensurate with the known and reasonably foreseeable dangers, particularly in the matter of providing an adequate fence which would be reasonably calculated to safeguard spectators at a stock car race in the event of detachment of a wheel of a racing car at a point at or near the bleachers.

In *Gibson v. Shelby County Fair Ass'n.*, 241 Iowa 1349, 44 N.W. 2d 362, Max Gibson, an infant, by his next friend, sued the Shelby County Fair Association and its directors for personal injuries sustained as the result of being struck by a wheel which became detached from a racing car, while plaintiff was a spectator at a hot rod race on the fair grounds owned by the defendant association. The Supreme Court held that the petition stated a cause of action predicating defendants' liability on their leasing of premises so defective that they could not be safely used for the express purpose of the lease. In its opinion, the Supreme Court of Iowa said: "When premises are leased for a public use the owner is charged with liability if a member of the public, rightfully on the premises, is injured because of a defective or dangerous condition that was known to the lessor or by reasonable inspection might have been known at the time of leasing. Restatement Torts, sec. 359; *Larson v. Calder's Park Co.*, 54 Utah 325, 180 P. 599,

4 A.L.R. 731; *Arnold v. State,* 163 App. Div. 253, 148 N.Y.S. 479; *Barrett v. Lake Ontario Beach Imp. Co.,* 174 N.Y. 310, 66 N.E. 968, 61 L.R.A. 829; *Oxford v. Leathe,* 165 Mass. 254, 43 N.E. 92; *Junkerman v. Tilyou Realty Co.,* 213 N.Y. 404, 108 N.E. 190, L.R.A. 1915 F. 700; *Sulhoff v. Everett,* 235 Iowa 396, 16 N.W. 2d 737."

A demurrer *ore tenus* raises no issue of fact, since for the purpose of presenting the legal question involved, it admits all relevant facts well pleaded, and legitimate inferences of fact reasonably deduced therefrom, except when the facts alleged are contrary to those of which the court is required to take judicial notice, and when opposing facts are declared and established by a valid statute applicable to and controlling the subject, but not conclusions of law. McIntosh, N.C. Practice & Procedure, Vol. 1, p. 647; *Chew v. Leonard,* 228 N.C. 181, 44 S.E. 2d 869.

All the defendants joined in the demurrer *ore tenus.* It is apparent that the trial court had jurisdiction of the parties and the cause: defendants make no contention to the contrary. Therefore, if the complaint with its amendments set forth a good cause of action as to any one of the defendants, the joint demurrer *ore tenus* will be overruled. *Paul v. Dixon,* 249 N.C. 621, 107 S.E. 2d 141.

If, liberally construed, any portion of the complaint with its amendments, or to any extent, presents facts sufficient to constitute a cause of action against any defendant, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will be sustained against the joint demurrer *ore tenus* filed by all the defendants, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, and the demurrer *ore tenus* here filed cannot be sustained unless the complaint with its amendments is wholly insufficient as to all defendants. *Paul v. Dixon, supra; McDaniel v. Quakenbush,* 249 N.C. 31, 105 S.E. 2d 94; *S. v. Trust Co.,* 192 N.C. 246, 134 S.E. 656; *Hartsfield v. Bryan,* 177 N.C. 166, 98 S. E. 379; *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807, Ann. Cas. 1916E, p. 250.

The complaint alleges that the four individual defendants owned in fee the race track premises, and "at the time plaintiff was injured, these four individual defendants were operating, conducting, managing, and controlling the affairs of Edgecombe Speedway as their own business individually, and as a partnership." We think that the complaint with its amendments contains a sufficient statement of a cause of action against the four individual defendants predicating their liability, at least, on their failure to exercise care commensurate with the known or reasonably foreseeable dangers incident to motor ve-

hicles racing at high speeds for the reasonable protection and safety of plaintiff, a patron, and its other patrons, watching the race, in that no seats of any kind were provided for plaintiff and there was an absence or inadequacy of fences, barricades, or other protective devices around the race track for plaintiff's safety, while she was watching the racing automobiles.

This is only the pleading stage of this lawsuit.

The judgment below sustaining the demurrer *ore tenus,* and dismissing the action is

Reversed.

HIGGINS, J., took no part in the consideration or decision of this case.