NORTH CAROLINA NATIONAL BANK v. ALVA V. CORBETT, ADMINISTRATRIX OF THE ESTATE OF J. N. CORBETT, AND ALVA V. CORBETT, INDIVIDUALLY.

(Filed 27 September, 1967.)

1. **Husband and Wife § 15—**

    Land owned by husband and wife as tenants by the entirety may not be charged with the individual debts of either spouse.

2. **Contracts § 12—**

    A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates.

3. **Contracts § 1; Signatures—**

    Evidence that the plaintiff bank extended a line of credit to the defendant's husband, who was in the home construction business, in reliance upon a guaranty purporting to bear defendant's signature, and that the defendant and her husband owned some, if not all, of their realty as tenants by the entireties, *held* sufficient to support a finding by the court that the defendant had executed the guaranty, despite her testimony that she did not sign the instrument.

**4. Guaranty—**

Plaintiff bank sued upon a guaranty executed by defendant in consideration of a line of credit extended to her husband. The instrument contained this provision: "The amount of principal at any one time outstanding for which the undersigned shall be liable as herein set forth shall not exceed the sum of $................." No insertion was made in the blank space. *Held:* The guarantor's failure to limit her liability, upon being provided an opportunity to do so, does not render the guaranty void.

**5. Contracts § 12—**

Where the terms of a contract are clear and unambiguous, the construction of the agreement is a matter of law for the court.

APPEAL by the individual defendant from *Parker, J.,* January 1967 Civil Session, NEW HANOVER Superior Court.

The plaintiff instituted this civil action on July 5, 1966 against Alva V. Corbett, Administratrix of J. N. Corbett and Alva V. Corbett, individually, to recover the sum of $2,000 due by note dated "7/14/65" and payable 90 days after date, with interest at 6% after maturity. The note, under seal, was executed by J. N. Corbett and delivered to the North Carolina National Bank. At the time the note was accepted, the Bank held an instrument of guaranty, of which the following provisions are material to this controversy:

GUARANTY

December 1, 1963

North Carolina National Bank
Wil., N. C.
Dear Sirs:

As an inducement to you to extend credit to J. N. Corbett (hereinafter called Borrower), and in consideration thereof, the undersigned hereby guarantees to you and your successors and assigns the due and punctual payment of any and all notes, drafts, obligations and indebtednesses of Borrower, at any time, now or hereafter, incurred with or held by you, together with interest, as and when the same become due and payable, whether by acceleration or otherwise, in accordance with the terms of any such notes, drafts, obligations or agreements evidencing such indebtednesses.

\*     \*     \*

The amount of principal at any one time outstanding for which the undersigned shall be liable as herein set forth shall not exceed the sum of $....................

This guaranty is purported to have been executed by Alva V. Corbett and witnessed by Lionel Stevenson.

Alva V. Corbett, Administratrix, filed an answer denying information sufficient to form a belief as to the truth of the allegations with respect to the execution of the note by her intestate, J. N. Corbett. However, she did not deny the allegation that the estate of J. N. Corbett was indebted to the plaintiff in the sum of $2,000, and interest thereon.

Alva V. Corbett, as an individual defendant, filed answer in which she denied that she executed the guaranty referred to in the complaint and demanded that the action against her in her individual capacity be dismissed. The Court entered judgment on the pleadings against the defendant administratrix. From that judgment, there was no appeal. The parties waived a jury trial and consented that the Court might find the facts and render judgment accordingly in the action against Mrs. Corbett.

There was evidence the Bank made the loan to J. N. Corbett in reliance on the guaranty of his wife, the individual defendant. The evidence disclosed that on the date the guaranty purports to have been executed by Mrs. Corbett, Mr. Corbett was in the business of constructing homes on contract. At that time, she and Mr. Corbett held title to certain real estate as tenants by the entireties and the Bank advanced $2,000 to Mr. Corbett, relying on Mrs. Corbett's guaranty.

The Court answered issues, finding facts, as follows:

"1. Did the defendant Alva V. Corbett execute a guarantee for a line of credit to J. N. Corbett, as alleged in the Complaint?

ANSWER: Yes.

2. If so, did the plaintiff, in reliance on the guarantee, make a loan to J. N. Corbett, as alleged in the Complaint?

ANSWER: Yes.

3. If so, in what amount, if any, is the plaintiff entitled to recover of the defendant Alva V. Corbett?

ANSWER: $2,000.00."

From judgment in accordance with the verdict, the defendant appealed, assigning as error: (1) The evidence was insufficient to support the findings and the judgment; (2) The findings were against the greater weight of the evidence and should be set aside; and (3) The guarantee was a nullity and insufficient to warrant a judgment against the individual defendant.

BANK *v.* CORBETT.

*Robert Calder for defendant appellant.*
*Marshall & Williams by Lonnie B. Williams for plaintiff appellee.*

HIGGINS, J. The sole question discussed in appellant's brief and on the oral argument is this: Does the failure to insert in the guaranty a limitation on the guarantor's liability render the instrument void? In this instance the borrower was the husband of the guarantor. He was in the business of building houses. From time to time he needed advancements from his bank. Mr. and Mrs. Corbett held some, if not all, of their real estate as tenants by the entireties. Such real estate may not be held liable for the individual debts of either husband or wife. However, it is liable for the obligations of both. *Air Conditioning Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828. A contract may be understood and interpreted in the light of the relationship of the parties, and the purpose they sought to accomplish. "A contract may be explained by referring to the circumstances under which it was made and the matter to which it relates." *Chew v. Leonard,* 228 N.C. 181, 44 S.E. 2d 869.

The guarantor in this action instructed the bank: "As an inducement to you to extend credit to J. N. Corbett . . . and in consideration thereof, the undersigned hereby guarantees to you . . . the due and punctual payment of any and all notes, drafts, obligations, and indebtednesses of Borrower at any time, now or hereafter incurred with, or held by you with interest. . . . (T)he amount of principal at any one time outstanding for which the undersigned shall be liable as herein set forth shall not exceed the sum of $................" The blank space and the antecedent wording provided the guarantor opportunity to limit her liability for her husband's debts. She executed the agreement without inserting any limitation. She cannot, thereafter, *ex parte,* alter the terms of the agreement. The guaranty is to pay the notes, etc. and in this particular instance only the one note of $2,000 appears to have been involved. The Court found on competent evidence the individual defendant had signed the guaranty. Its terms are clear, free of ambiguity. Consequently, there is nothing for the Court to construe. The meaning becomes a question of law. *Parks v. Oil Co.,* 255 N.C. 498, 121 S.E. 2d 850; *Muncie v. Ins. Co.,* 253 N.C. 74, 116 S.E. 2d 474; *Suits v. Ins. Co.,* 249 N.C. 383, 106 S.E. 2d 579.

In the record before us, we find

No error.