DORIS P. SOSSAMAN v. LYLES CHEVROLET COMPANY.

(Filed 9 May 1962.)

**Negligence § 37f—**

Evidence tending to show that a customer was injured in entering the premises through a small door, cut in a large overhead garage door, when the spring of the small door caused it to close with force and catch her foot after her body had cleared the entrance, is held insufficient to show any actionable negligence on the part of the owner of the premises.

APPEAL by plaintiff from *Walker, S.J.,* 11 September Civil Term 1961 of GUILFORD (High Point Division).

Plaintiff instituted this action to recover damages for personal injuries which she sustained on 24 November 1959, about 8:15 A.,M. when she fell on the defendant's premises while there for the purpose of making a monthly payment on the station wagon which she and her husband had previously purchased from the defendant. Their installment contract had been assigned without recourse to the General Motors Acceptance Corporation but, as an accommodation to its customers, defendant permitted them to make their payments to G. M. A. C. at the garage where the vehicle was purchased. On the morning in question it was sprinkling rain and plaintiff had neither umbrella nor raincoat. She parked her station wagon directly in front of the large door of the Service Department so that she could run in without getting wet. The large door was of the overhead folding type about eighteen feet wide and twelve feet high. It was composed of six rows of panels. The bottom three rows were wooden panels; the next two rows were glass windows, and the top row was also of wood. On the left side of the large door, just below the first row of windows and in the lower three panels, was a small door about twenty-five inches wide and sixty inches high. The bottom of this smaller door was about five inches from the bottom of the larger door and these five inches constituted the "riser" of the smaller door.

The plaintiff got out of the station wagon with her payment check in her hand. The large door was down and the smaller door within it was closed. As she faced it, the handle to the small door was on her left. Above this handle, near the top of the small door, was the word PULL. This door was kept closed by an outside coil spring about the middle of the door on the right side opposite the handle. One side of the spring was attached to the small door and the other to the stationary panels in the larger door.

Plaintiff easily opened the small door with her right hand. With her right foot she stepped over the riser, cleared it, and then let go of the door with her hand "to check it, the speed of the door," with her

left foot. The door came to with force, catching her left foot between the riser and the door. She testified that it twisted her around causing her to fall on her left hip. In the fall she sustained injuries which left the left leg shorter than the right. The President of the defendant corporation, called as an adverse witness by the plaintiff, testified that there were four other such door assemblies on the garage premises that they had been installed by the general contractor in accordance with the architect's specifications at the time the building was constructed in May 1957; and that, to his knowledge, no one had ever before fallen while using the smaller door within the larger folding door.

At the close of the plaintiff's evidence defendant's motion for judgment as of nonsuit was allowed. The plaintiff excepted and appealed.

*Silas B. Casey; Haworth, Riggs, Kuhn & Haworth for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter for defendant appellee.*

PER CURIAM. It is not necessary to decide whether plaintiff's status at the time of her injury was that of an invitee or a licensee, a question debated at length in the briefs, because there is a total lack of any evidence of negligence in the construction and maintenance of the door in which plaintiff fell. The owner of a garage, store, or other place of business is not an insurer of the safety of those who go upon his premises for the purpose of doing business with him, and the doctrine of *res ipsa loquitur* is not applicable. *Watkins v. Taylor Furnishing Company,* 224 N.C. 674, 31 S.E. 2d 917. Before plaintiff could recover she would have had to establish actionable negligence on the part of the defendant. This she did not do.

The judgment as of nonsuit is
Affirmed.