L. F. PIERCE v. JOE MURNICK, T/A C & M PROMOTION.

(Filed 24 November, 1965.)

**1. Games and Exhibitions § 2—**

The purchaser of a ticket of admission to a wrestling match is an invitee, and the promoter, while not an insurer of the spectator's safety, is under duty to use reasonable care to prevent injury through a defect in the condition of the premises or by the actions of the contestants in the course of the match.

**2. Same—**

Precautions which the promoter must take to guard against injury to spectators vary with the nature of the exhibition, but the law does not require him to take such precautions as will unreasonably impair the enjoyment of the exhibition by the usual patrons.

**3. Same—**

The evidence tended to show that a spectator at a wrestling match, purchasing and using a ringside seat, was injured when a wrestler was thrown from the ring so that he fell against plaintiff. The evidence further tended to show that plaintiff was a habitual spectator at wrestling matches and that the ring and seating arrangements were such as were habitually used at such exhibitions. *Held:* Nonsuit was properly entered, if not for the insufficiency of evidence of negligence, then on the ground of contributory negligence.

APPEAL by plaintiff from *Carr, J.,* August 1965 Civil Session of LEE.

This is a suit for damages for personal injuries alleged to have been received by the plaintiff, while a spectator at a wrestling match promoted by the defendant, as the result of a wrestler's being thrown from the ring so that he fell against the plaintiff, who was occupying a ringside seat for which he had paid the regular price. The answer denies negligence on the part of the defendant and pleads contributory negligence on the part of the plaintiff as a further and alternative defense. The only assignment of error is the granting of the motion of the defendant for judgment as of nonsuit at the close of the plaintiff's evidence.

The evidence offered by the plaintiff tends to show: On 23 July 1963, the defendant promoted a wrestling match in the Dorton Arena at the State Fair Grounds in Raleigh. Tickets of admission were sold and the plaintiff and his party purchased such tickets entitling them to ringside seats in the front row, which seats he and his party occupied. The match was conducted in the customary wrestling ring, consisting of a square platform, approximately three feet higher than the level of the floor upon which the ringside seats were located, with a post at each corner and ropes running around the ring from post to post. The first row of ringside seats, in which row the plaintiff's seat was located, was approximately seven feet from the edge of the ring. The plaintiff was an habitual spectator at such wrestling matches, having attended a match each week for several months. He had also observed many wrestling matches on television. On this occasion the ring itself and the arrangement of seats for the spectators about the ring were, in all respects, normal. Other than the ropes of the ring there was no guard or shield between the contestants in the ring and the front row of seats for the spectators. In the course of the match, one of the wrestlers, weighing approximately 240 pounds, was knocked or thrown by his opponent over the topmost rope. He landed on his feet outside the ring in the space between the ring and the plaintiff's seat. Before he could regain his balance, or check his momentum, he staggered into and fell against the plaintiff. His elbow struck the plaintiff in the lower abdomen or side and his body fell against the plaintiff's leg, resulting in injuries to the plaintiff. On other occasions the plaintiff had observed wrestlers thrown or pushed out of the ring through the ropes but not over the ropes. In purchasing their tickets, the plaintiff and his party requested ringside seats and paid the usual charge therefor. When the plaintiff found that his seat was in the first row, he did not request that he be

seated elsewhere. Other seats were available five or six rows back from the ring.

*Hoyle & Hoyle* for plaintiff appellant.

*Teague, Johnson & Patterson* by *Robert M. Clay* for defendant appellee.

PER CURIAM. The purchaser of a ticket of admission to a wrestling match is an invitee of the promoter. The promoter is not an insurer of his safety while upon the premises, but is under the duty to use reasonable care to prevent injury to him through a defect in the condition of the premises or by the action of the contestants in the course of the match. See: *Aaser v. City of Charlotte, ante,* p. 494; *Dockery v. Shows,* 264 N.C. 406, 142 S.E. 2d 29; *Lynn v. Wheeler,* 260 N.C. 658, 133 S.E. 2d 514; *Williams v. Strickland,* 251 N.C. 767, 112 S.E. 2d 533; *Hahn v. Perkins,* 228 N.C. 727, 46 S.E. 2d 854; *Anderson v. Amusement Co.,* 213 N.C. 130, 195 S.E. 386. The precautions which the promoter must take to guard against injury to the spectators vary with the nature of the exhibition. The law does not require him to take steps for the safety of his invitees such as will unreasonably impair the enjoyment of the exhibition by the usual patrons of such contests.

It is a matter of common knowledge that ringside seats at wrestling and boxing matches command higher admission charges than other seats because the spectators at such contests desire to be near the contest and have an unobstructed view of the proceedings. As the plaintiff's evidence shows, it is not customary, at such matches, to have shields or barriers between the ring and the spectators. Wrestling is one of the most ancient of sports. The plaintiff's evidence shows that this particular exhibition was conducted in a ring such as has been used habitually for wrestling matches from time immemorial. His evidence indicates nothing unusual about the seating arrangements for spectators. He had been a regular attendant at matches promoted by this defendant over a period of many weeks.

The evidence does not show negligence by the defendant, but if the defendant was negligent the plaintiff's own evidence shows that he, himself, was contributorily negligent by sitting in an exposed position when he knew, or should have known, that a contestant might be thrown from the ring.

Affirmed.