EULAND RANDOLPH HOLLAND v. LISTON MALPASS D/B/A LISTON MALPASS WHOLESALE AUTOMOBILE PARTS COMPANY.

(Filed 23 March, 1966.)

**1. Negligence § 37b—**

A proprietor is not an insurer of the safety of his invitees but is only under duty to use reasonable care to keep his premises within the compass of the invitation safe for use by customers, and what constitutes due care in a given situation depends upon the nature of the business and the normal use of like areas in such establishments.

**2. Negligence § 37c—**

An invitee is required to use reasonable care for his own safety commensurate with the normal activities of the establishment he visits.

**3. Negligence §§ 37f, 37g—**

Evidence that an experienced mechanic and garageman brought an automobile part to another garage for work and adjustment, that prior to injury he had traversed the aisle in question several times, that the aisle was well lighted, and that on the occasion causing the injury he fell over a "stiff-knee" jack which had in the interim been placed or slid into the aisle, *held* insufficient to be submitted to the jury on the issue of negligence and to disclose contributory negligence as a matter of law, since such incident was usual and should have been expected in the ordinary course of business at such establishment.

MOORE, J., not sitting.

APPEAL by plaintiff from *Cowper, J.,* September 1965 Session of SAMPSON.

Plaintiff alleges that on 23 September 1963, he was an invitee upon the premises of the defendant in the City of Clinton, whereon the defendant operates a garage for the repair of motor vehicles and parts thereof. He alleges he sustained injuries when he fell over a "stiff-knee," which is a type of jack, and which he alleges was negligently placed by an employee of the defendant in a narrow aisle or passageway.

The defendant, in his answer, denies that the plaintiff was invited into the portion of the premises where the accident occurred. He further denies all allegations of negligence by him or his employees and, as a further defense, pleads contributory negligence by the plaintiff.

Evidence offered by the plaintiff, in addition to that relating to the nature and extent of his injuries, tends to show:

Plaintiff, now 52 years of age, has been an automobile mechanic all of his adult life. For two months prior to his fall he had operated his own one-man garage. For four months before that he worked for the defendant in the same garage where this accident occurred and he was familiar with the premises.

On the occasion in question he carried a cylinder head to the defendant's garage to have work done on it. With this in his arms, he walked directly to the area in which he was subsequently injured. Customers generally and normally go into all parts of the garage, but on this occasion he observed no other customers in that portion of it.

Depositing the cylinder head on the work bench, at which two employees of the defendant were working, he told them what he wanted done to it. He then retraced his steps, along the passageway in question, to the entrance to the parts department. He went into the parts department to purchase some items which he needed for his own garage and remained therein, conversing with the employees there, for some 45 minutes. He then walked back along the same passageway to the bench where his cylinder head was being repaired and remained there talking to the men who were working on it for another 15 or 20 minutes. One of them inquired about some bushings needed for the valve cores. Thereupon, the plaintiff turned to go get them from the parts department, which would necessitate his walking again along the same passageway. As he turned, and before stepping forward, he stumbled over the "stiff-knee," fell and sustained a serious injury to his knee.

A "stiff-knee" is standard garage equipment, being a type of jack with four legs extending out from a base. It has many uses, including insertion under an automobile to hold it up while a mechanic works under it. Plaintiff, from his experience as a garage mechanic, knew how this item of equipment was used and handled in such a garage. As he expressed it: "When you are working in a garage and all this clanging and racket going on in your mind, you are talking to somebody about something you want done, a lot of things happen that you don't know about. I did not hear the 'stiff-knee' slide across the floor. I know as a garage mechanic that people do slide 'stiff-knees' out from under cars; they slide them around and they get out." The "stiff-knee" was not in the passageway during any of his previous trips along it. He did not see or hear it placed or slid into the aisle behind him as he stood at the work bench talking to the two men who were working on his cylinder head. During this 15 minute interval he observed no one else in the vicinity.

The passageway was a space 6 to 8 feet wide between garage machinery and the work bench on one side and motor vehicles under repair on the other side. The area was well lighted with windows, skylights and artificial lighting. Objects on the floor were readily discernible.

At the close of the plaintiff's evidence, the court granted the defendant's motion for judgment of nonsuit, from which judgment the plaintiff appeals.

*James F. Chestnutt for plaintiff appellant.*
*Butler & Butler for defendant appellee.*

PER CURIAM. After the plaintiff's evidence is taken as true, all reasonable inferences favorable to him are drawn therefrom and the whole is viewed in the light most favorable to him, it still falls short of being sufficient to show a cause of action in his favor against the defendant. The judgment of nonsuit was, therefore, proper.

Assuming, as we must upon this motion, that the plaintiff was invited by the defendant to go into the portion of the garage where the accident occurred, the defendant did not thereby become an insurer of the plaintiff's safety while there. *Aaser v. Charlotte,* 265 N.C. 494, 144 S.E. 2d 610; *Jones v. Pinehurst, Inc.,* 261 N.C. 575, 135 S.E. 2d 580; *Sossaman v. Chevrolet Co.,* 257 N.C. 157, 125 S.E. 2d 403.

The proprietor of a business establishment must use reasonable care to keep his premises, including aisles and walkways, safe for use by customers invited to use them. *Aaser v. Charlotte, supra; Harrison v. Williams,* 260 N.C. 392, 132 S.E. 2d 869; *Norris v. Department Store,* 259 N.C. 350, 130 S.E. 2d 537.

What constitutes reasonable care depends upon the nature of the business and the normal use in such business establishments of like areas. See: *Pierce v. Murnick,* 265 N.C. 707, 145 S.E. 2d 11. Walk spaces past work benches and around vehicles under repair in a busy automobile garage are not infrequently used as places for the temporary deposit of tools, equipment and parts. It is not reasonable to expect or require the same care to keep these areas free from obstruction as would be reasonable in the case of an aisle of a store, whose customers are invited to walk somewhat casually along as they inspect and make selections from merchandise displayed on the counters or shelves so as to attract and hold their attention.

The plaintiff's evidence fails to suggest any action by the defendant or his employees creating a hazard which one walking in the work space of a repair garage should not reasonably expect and watch for. It also shows that the plaintiff, an experienced garage worker, failed to look before he stepped where he should have anticipated some obstruction was likely. Had he done so he would have seen the "stiff-knee" in the well-lighted space. The invitee must

also use reasonable care, commensurate with the normal activities of the type of establishment whose invitation he accepts.

Affirmed.

MOORE, J., not sitting.