# Richmond

## C. & M. Promotions v. Hunter N. Ryland.

December 4, 1967.

Record No. 6496.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*M. Wallace Moncure, Jr.* (*Moncure & Cabell*, on brief), for plaintiff in error.

*Joseph F. Spinella* (*Alfred J. Owings; Spinella & Spinella*, on brief), for defendant in error.

Eggleston, C.J., delivered the opinion of the court.

Hunter N. Ryland filed a motion for judgment against C. & M. Promotions[1] to recover damages for personal injuries alleged to have been sustained while attending a professional wrestling match promoted and conducted by the defendant at the Atlantic Rural Exposition Grounds in the county of Henrico. The motion alleged that the defendant was guilty of negligence in that it failed to exercise proper

---

[1] The record does not show the status of C. & M. Promotions—whether a partnership, corporation or trade name of an individual.

care in the maintenance of the premises and failed to provide sufficient and reasonably competent ushers, guards and other attendants necessary to safeguard the plaintiff and the other patrons. It further alleged that while the plaintiff was attending the wrestling match, as an invitee of the defendant, the latter, by and through its agents, servants and employees, carelessly and negligently attempted to "remove a certain disorderly patron from the premises," and that in doing so knocked the plaintiff down and injured him.

In its grounds of defense the defendant denied that it or any of its agents, servants or employees was guilty of any negligence which proximately caused the plaintiff's injuries.

There was a trial by a jury which resulted in a verdict and judgment of $7,500 in favor of the plaintiff. The defendant has appealed, claiming that the evidence was not sufficient to sustain the verdict and judgment in favor of the plaintiff.

The material facts may be stated thus: On Friday evening, February 7, 1964, the plaintiff, Hunter N. Ryland, attended certain wrestling matches which were promoted and conducted by the defendant on the grounds of the Atlantic Rural Exposition. Ryland was accompanied by several friends, each of whom had purchased and occupied a ringside seat. Ryland's seat was on the front row immediately adjacent to an aisle. The ring on which the wrestling matches were staged was on a raised platform with an open space of from 8 to 15 feet between it and the ringside seats. The patrons sat on folding wooden or metal chairs which were not affixed to the floor but were linked together with a wire. There was no rail or barrier between the front-row seats and the ring platform. The evidence is that such arrangement of the ring and seating around it had been customarily used for such performances at this location as well as in other cities in Virginia and North Carolina.

C. & M. Promotions was operating these matches under a license or permit issued by the authorities of Henrico county who required the defendant, at its own expense, to have police officers on duty to maintain law and order on the premises during such performances. The required police officers for such an event were selected by the county chief of police from those who were willing to undertake such assignments. The defendant sent to the police department a check for payment of the services rendered by these officers and this amount was distributed among the officers who served on each occasion at the rate of $7.50 each. The officers so serving were under the super-

vision and control of the county police department and took no orders or directions from the defendant while on its premises.

On this particular occasion three police officers and one sergeant had been assigned to duty at these matches. At the same time the defendant had in its employ three ushers and two ticket sellers. There was a paid attendance of 1,894.

At the conclusion of the matches, and while the wrestlers were still in the ring, Homer O'Dell, the manager of one of the wrestling teams, got into the ring and began beating the opposing team with a cane. Such "horseplay" is frequently indulged in as an added attraction for the spectators. However, on this occasion some of the spectators protested and many of them came forward to the ring, filling the aisles and areaway between the ring and the front-row seats.

John Revere, one of the spectators, became disorderly and was placed under arrest by H. W. Stanley, a police officer on duty. In attempting to remove Revere from the vicinity of the ring, Stanley accidentally bumped into the plaintiff Ryland, who was standing directly in front of the chair which he had occupied, knocking him backwards and across the edge of the chair. As the result of this fall Ryland received the injuries of which he complained. At the time Stanley was unaware that Ryland had been knocked down in this manner, but upon being so advised by a spectator, he inquired of Ryland whether he was injured and whether he desired to be taken to a hospital. Ryland declined this offer, saying that he had attended the performance with friends, had his car there, and would go to the hospital of his own accord should that be necessary.

At the conclusion of all of the evidence the trial court ruled and instructed the jury that Stanley, the police officer, was not in the employ of the defendant and that the latter was not responsible for Stanley's negligence, if any. In the trial court as well as on this appeal, the plaintiff admitted that this ruling was correct. But he contends that irrespective of the conduct of Officer Stanley, the jury were warranted in finding that the defendant itself was guilty of negligence which was a proximate cause of his injuries.

[1] First, the plaintiff says that the jury were warranted in finding that the defendant was negligent in not erecting and maintaining a railing or barrier between the ring and the front seat which he was occupying. There are ready answers to this contention. In the first place, there is no evidence that a railing or barrier was customary or

necessary at such wrestling matches. On the contrary, as has been said, the evidence is that the arrangement of the ring and ringside seats in use on this occasion was usual and customary at this location and in other cities in Virginia and North Carolina.

It is well settled in this jurisdiction that general usage of the business in a given situation is admissible as evidence of what is reasonable and proper to be done in that situation, from which, along with other (if there be other) pertinent facts and circumstances, the jury are to determine the question of negligence. If there is no conflict in the evidence as to the existence of general usage, and nothing tending to show that the usage was not reasonably safe or adequate for its purpose and occasion, such usage is conclusive evidence of the exercise of ordinary care. *Andrews* v. *Appalachian Electric Power Co.*, 192 Va. 150, 157, 63 S. E. 2d 750, 755, and cases there cited.

In *Pierce* v. *Murnick*, 265 N. C. 707, 145 S. E. 2d 11, 12, involving a similar complaint by an invitee at a wrestling match in Raleigh, North Carolina, it was held that the customary lack of a barrier between the ring and the spectators did not constitute negligence on the part of the promoter.

Moreover, in the present case, there is no evidence that such a railing or barrier would have prevented the accident to the plaintiff, and it is entirely speculative that it would have done so.

[2] Next, the plaintiff contends that the jury were warranted in finding that the defendant was negligent in failing to provide a sufficient number of ushers, guards or other attendants to protect him and the other patrons. But there is no evidence that the number of attendants was insufficient for the protection of the patrons, or that a greater number would have prevented the accident.

In *Whitfield* v. *Cox*, 189 Va. 219, 52 S. E. 2d 72, a woman spectator at a wrestling match was struck and injured by a whiskey bottle thrown by some unidentified person. In an action against the promoter she contended that the jury had the right to find that the defendant was negligent in failing to have a sufficient number of employees to maintain order. In denying her right to recover, we pointed out that there was no evidence that the employment by the defendant of a greater number of attendants was necessary or would have prevented the accident. 189 Va. at 226, 52 S. E. 2d at 75.

In the present case it is undisputed that the plaintiff's fall was caused by the act of Officer Stanley while removing a disorderly person from the premises. The negligence, if any, which brought

about the plaintiff's injuries was the act of the police officer, for which, admittedly, the defendant was not liable. There is an entire lack of evidence that the defendant did or failed to do anything which proximately caused the accident to the plaintiff.

The judgment is reversed, the verdict set aside, and final judgment will be here entered in favor of the defendant, C. & M. Promotions.

*Reversed and final judgment.*