## Richmond

GRAYSON C. REED v. CARLYLE & MARTIN, INC.
GRAYSON C. REED v. CARLYLE & ANDERSON, INC.
GRAYSON C. REED v. GROVE MANUFACTURING COMPANY.

March 4, 1974.

Record Nos. 730378, 730379 and 730382.

Present, All the Justices.

*Robert M. Murray* (*Roland D. Hartshorn; Thomas, Thomas & Hartshorn,* on brief), for plaintiff in error in Record Nos. 730378, 730379 and 730382.

*Thomas C. Palmer, Jr.* (*Brault, Lewis, Geschickter & Palmer,* on brief), for defendant in error in Record Nos. 730378 and 730379.

*J. Sloan Kuykendall (David J. André; Kuykendall, Hall & Whiting,* on brief), for defendant in error in Record No. 730382.

CARRICO, J., delivered the opinion of the court.

The plaintiff, Grayson C. Reed, was injured when he fell into the moving parts of a piece of farm equipment. He brought a separate action for damages against each of the defendants: Grove Manufacturing Company, the manufacturer of the equipment; Carlyle & Martin, Inc., the seller of the equipment; and Carlyle & Anderson, Inc., a repairer of farm equipment.

Discovery depositions were taken of the plaintiff and others. After the parties were at issue, the defendants filed motions for summary judgment, alleging that the depositions showed the plaintiff was guilty of contributory negligence as a matter of law. The trial court granted the motions and entered final judgments in favor of the defendants. The plaintiff was granted writs of error.

On appeal, the plaintiff has advanced new and irrelevant matters to support his contention that the trial court erred in granting summary judgments in favor of the defendants. However, we shall decide only the single question presented by the assignments of error, *viz.,* whether the discovery depositions showed, as the trial court held, that the plaintiff was guilty of contributory negligence as a matter of law.

The depositions disclose that on September 29, 1970, the date of the accident, the plaintiff, then 50 years of age, was employed as a laborer on a farm owned by Robert L. Hardy in Loudoun County. The plaintiff, in his words, had "always been a farmer."

Shortly before the date in question, Hardy had purchased from the defendant Carlyle & Martin, Inc., of Hagerstown, Maryland, a used ensilage wagon manufactured by the defendant Grove Manufacturing Company of Greencastle, Pennsylvania. The wagon was designed to be pulled by a tractor, from which it also received power to operate its unloading mechanism. In the unloading operation, two moving drag chains carried ensilage forward to the front of the wagon into a pair of exposed beaters—metal rods to which metal spikes were attached. The revolving beaters deposited the ensilage onto a moving conveyor belt, which then discharged the ensilage from the side of the wagon.

After the wagon was brought to the farm, it was loaded with ensilage and towed to a silo. When an attempt was made to unload

the wagon, it would not operate properly. The defendant Carlyle & Anderson, Inc., of Purcellville, Virginia, in response to a call from the farm, sent a repairman who examined the wagon and found that the drag chains were broken. He stated that the wagon would have to be unloaded before it could be repaired. He then departed.

The plaintiff and a fellow employee, Edward Moten, towed the wagon to a nearby field with a tractor. Leaving the tractor running and the beaters and conveyor belt in operation, the two employees climbed atop the load of ensilage, estimated to be five feet deep.

Moten proceeded to unload the ensilage by throwing it with a pitchfork from the rear of the wagon. The plaintiff, however, "decided" to throw the ensilage with a pitchfork into the beaters because, in his words, that was the "easiest" and "quickest" way. In unloading the ensilage, which contained "a good bit of sap" and was "right slippery," the plaintiff created a bank, upon which he was standing, sloping toward the beaters. Suddenly, the ensilage under his feet gave way, and he fell into the beaters. Moten, hearing the plaintiff's cry for help, stopped the beaters by turning off the tractor's engine. The plaintiff was injured severely.

The plaintiff testified that although he had not before used a Grove wagon, the type in which he was injured, he had previously worked with a John Deere wagon. The two, he said, were "basically the same." And, when asked if he "had been fully familiar with this type wagon and the way it operated before this accident happened," the plaintiff replied, "Yes, I'd worked with them before." He insisted, however, that he "didn't feel any danger about" working near the beaters.

It is this last bit of testimony, that he "didn't feel any danger about" working near the beaters, upon which the plaintiff places emphasis in his argument that he was not negligent. But the test is not whether the plaintiff actually knew of the danger confronting him, but whether, in the exercise of reasonable care, he should have known he was in a situation of peril. *See Budzinski* v. *Harris*, 213 Va. 107, 110, 189 S.E.2d 372, 375 (1972). We think reasonable men would not differ upon the proposition that the plaintiff should have known of his peril.

The plaintiff, an experienced farmer, admitted that he was familiar with the operation of the type ensilage wagon in which he was working. Moreover, the revolving beaters were exposed to his plain view. The danger posed by the turning, spike-like mechanism

was, therefore, open and obvious to the plaintiff. In exposing himself to this obvious danger, he failed to exercise reasonable care for his own safety. *See Blunk* v. *Allis-Chalmers Manufacturing Company*, 143 Ind. App. 631, 641-42, 242 N.E.2d 122, 127 (1968), and *Starnes* v. *Stofferahn*, 83 S.D. 424, 432-33, 160 N.W.2d 421, 426 (1968).

The plaintiff attempts to excuse his conduct by pointing out that the ensilage wagon did not have signs indicating the fact that the beaters could be operated independently of the conveyor belt. He now argues that had he known this fact, he "could have turned off the beaters as he could have still unloaded by use of the conveyor belt." But his statements in his discovery deposition are directly at odds with his present argument. He admitted that even had he known the beaters could be disengaged, he would not have disengaged them. His statements show that he deliberately chose to unload the ensilage with the beaters in operation because that was the "easiest" and "quickest" way. The plaintiff is bound by his statements, and this argument must fall.

■ The plaintiff's final argument is that he created a jury issue concerning his negligence by showing that it was the "established custom and usage among farm laborers to use the same or similar procedure" he used in unloading the ensilage wagon. The ready answer to this argument is that the existence of a custom or usage cannot excuse conduct which is otherwise negligent where, as here, the custom or usage itself is not "reasonably safe or adequate for its purpose and occasion." *See C. & M. Promotions* v. *Ryland*, 208 Va. 365, 368, 158 S.E.2d 132, 134-35 (1967), and *Keith* v. *Clinchfield Coal Corp.*, 189 Va. 592, 601, 54 S.E.2d 126, 130 (1949).

For the reasons assigned, we hold that the trial court did not err in granting summary judgments in favor of the defendants. Accordingly, the judgments appealed from will be affirmed.

*Affirmed.*